ELIZABETH PALMER and MINNIE M. PALMER BLAIR, Appellants, Impleaded with FLORENCE PALMER LANE, Plaintiff, *v.* WILLIAM F. TAYLOR, Appellant, Respondent, Impleaded with HERMAN GOLDBERG and Another, Respondents, and Others, Defendants.

Second Department, May 12, 1922.

**Principal and agent — defendant holding confidential relationship with plaintiffs required to account for profit on purchase and sale of realty — right to deal with realty belonged first to plaintiffs — purchasers' title good as they took without knowledge — plaintiffs not liable as principals under contract between defendant and purchasers.**

A defendant, who had been the business partner of the father of the plaintiffs, was their business adviser, was the executor of their mother's estate, which was still unsettled, and who had full charge of a piece of real estate in which they had a leasehold interest as part of the estate of their mother, sustained a confidential relation to them such that, when the piece of real estate could be purchased and sold at a profit without the use of money, and the person having control of the sale of the real estate had made known to such defendant that she wished the plaintiffs to have the first right to purchase, it was his duty to communicate all the facts to the plaintiffs, and when he, failing to do so, bought and resold the property reaping a profit, he was properly required to account to the plaintiffs therefor.

However, the title of the purchasers of the property who purchased without notice of any violation of the rights of the plaintiffs will not be disturbed; and there being no evidence to sustain the finding of the trial court that the plaintiffs were bound by a contract which said defendant had made with the purchasers for a sublease of the premises, the plaintiffs should not be held liable as principals under such contract.

KELLY and MANNING, JJ., dissent in part.

CROSS-APPEALS by the plaintiffs, Elizabeth Palmer and another, and by the defendant, William F. Taylor, from a final judgment of the Supreme Court in favor of the plaintiffs, entered in the office

of the clerk of the county of Kings on the 28th day of June, 1921, upon the decision of the court rendered after a trial at the Kings Special Term.

Appeal by defendant, William F. Taylor, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings upon the 15th day of April, 1921, upon the decision of the court rendered after a trial at the Kings Special Term.

*Thomas F. Magner*, for the plaintiffs, appellants.

*Jesse Fuller, Jr.*, for the defendant, appellant.

*Herman S. Bachrach*, for the defendants, respondents.

BLACKMAR, P. J.:

Defendant Taylor was a real estate broker and agent. He purchased certain property from the estate of Edward Banker, deceased, and at once resold it to defendants Goldberg at an advance of $5,000. As part of the transaction between them he agreed to obtain from the plaintiffs, who had an interest in a leasehold in the premises, the validity of which was questioned, a release of their interest, or if they refused to release and the lease should be held valid, to obtain a sublease of the premises on terms favorable to defendants Goldberg. The plaintiffs claim that Taylor occupied as to them a fiduciary relation which under the circumstances made it his duty to give them the opportunity of purchasing the property, and that the Goldbergs purchased from Taylor with knowledge of the violation of the duty which he owed the plaintiffs. The demand for judgment is that the conveyance from defendant Taylor to defendants Goldberg be set aside as fraudulent as against the plaintiffs; that defendant Taylor be directed to execute a deed of said property to plaintiffs; that the property be adjudged to be held by defendant Taylor in trust for plaintiffs and certain of the defendants, " subject to such equitable lien for moneys advanced for said premises by said Taylor individually as this court may find due him; " that said Taylor and defendants Goldberg account for the rents of the property; and that it be adjudged that the lease thereof was renewed for seven years from February 1, 1916; and for other relief.

The case came on for trial at Special Term and a judgment was rendered to the effect that defendants Goldberg were purchasers of the property in good faith and for value; that none of the parties to the action have any claim against them; that the lease is a valid and subsisting lease of the premises for seven years from February 1, 1916; that the plaintiffs are liable as principals to defendant

Goldberg under a contract made by Taylor with Goldberg to secure for Goldberg a sublease of the premises; and that defendant Taylor account to the plaintiffs for the profits made upon the resale of the property to Goldberg. The account was filed by defendant Taylor. Objections were interposed. The matter was brought on for a hearing, and apparently without any evidence being taken or offered the account was settled and adjusted and final judgment was entered thereon. From that judgment the parties appealed as above stated.

The defendant Taylor was not a technical trustee for the plaintiffs, but his relation to them was one of trust and confidence. He had been their father's partner in business. He was the executor of their mother's estate and that estate was still unsettled. One of the parcels of property belonging to the estate was a leasehold of the premises in question. Of this leasehold each of the two plaintiffs owned an undivided twelfth; Taylor, as executor, owned an undivided sixth, which he held in trust for their brother and sister; and the plaintiffs had a remainder therein after the termination of the particular estate. The rest of the leasehold belonged to other relatives. Taylor had complete charge of this property. He collected the rents from the subtenants; he paid the ground rent to the Banker estate and the other expenses of the property, and distributed what remained. He was the business adviser of the plaintiffs and they evidently looked to him to take care of their interests. Mrs. White, having control of the sale of the property, desired to give the plaintiffs the first chance to purchase it. She so informed their brother-in-law, Lane. Lane so informed the plaintiffs, and, according to her testimony, Mrs. White so told Taylor in the first interview she had with him on the subject of purchasing the property. Taylor claims he demonstrated to the plaintiffs that it would not be a desirable purchase and that they were not in a condition, financially, to undertake it. Under these circumstances he arranged, by a conversation with Mrs. White, for the purchase of the property himself for the sum of $30,000. Before entering into a contract to that effect he approached defendants Goldberg and arranged a sale to them for the sum of $35,000, and did not apprise the plaintiffs of the fact that the property could be purchased and resold without the use of money. For the purpose of inducing Goldberg to purchase, Taylor agreed with him that if the lease already on the premises, the validity of which was questioned, should be held by a court of competent jurisdiction to be a valid lease, he would procure a sublease to Goldberg for a specified rental. Having executed the contract with Goldberg to sell the property for $35,000, he obtained from the Banker estate

a contract to purchase the same for $30,000. Both contracts were closed together, and Taylor, without the use of money, purchased the property for $30,000 and immediately resold it for $35,000.

It seems to me that Taylor's relations to the plaintiffs were of such a confidential nature, on account of the facts above pointed out, that when he found he could purchase and resell the property without the use of money, it was his duty to communicate that fact to the plaintiffs and give them the opportunity of making the purchase, leaving it to them to determine whether they would meet Goldberg's condition as to the sublease. If this is a proper analysis of the situation, the provision of the interlocutory judgment requiring Taylor to account for the profit made on the deal was justified; for although Taylor was not a trustee for the plaintiffs, yet his relations with them were such that after his talk with them and his talk with Mrs. White, in which she informed him that she desired to give the plaintiffs the first opportunity of purchasing the property it was his duty to communicate all the facts to them and let them decide whether they desired to negotiate the transaction.

I am of the opinion that the Goldbergs purchased the property from Taylor without notice of the fact that he was violating a duty which he owed to the plaintiffs; and although, in his contract with Herman Goldberg, Taylor agreed to procure for Goldberg a sublease of the premises at a rate very favorable to him, yet this is not equivalent to charging him with notice of the duty which Taylor owed to the plaintiffs. We, therefore, are agreed to confirm the title in defendants Goldberg.

We find no evidence to sustain the finding of the court that the plaintiffs were bound by the contract which Taylor made with Goldberg for a sublease of the premises at a rental agreed upon between them, and we are, therefore, agreed that this provision of the judgment should be eliminated.

Taylor rendered an account pursuant to the terms of the interlocutory judgment, the plaintiffs filed objections to the account, and the matter was brought on for a hearing at Special Term, It does not appear that evidence was taken or offered upon the objections filed by the plaintiffs, and the account was accepted as the basis of the final judgment. We cannot say as matter of law that the account should be surcharged, and there is no evidence which enables us to pass on the matter as a question of fact. We do not find in this record that the plaintiffs offered evidence to surcharge the account, or called upon defendants, who upon this point had the burden, to sustain the account.

The decision of this court is that the judgment be modified by eliminating therefrom the provision that the plaintiffs, appellants,

are liable to Herman Goldberg as principal under the contract made by defendant Taylor with said defendant Herman Goldberg, to procure for said Goldberg a lease of the building 777 and 779 Manhattan avenue upon terms stated in the judgment, and as modified affirmed, with costs to plaintiffs against defendant Taylor. The seventh so-called conclusion of law should be reversed.

JAYCOX and YOUNG, JJ., concur; KELLY and MANNING, JJ., dissent from the affirmance of the provision of the interlocutory judgment which requires defendant Taylor to account for profits, and from the provision of the final judgment that defendant Taylor pay to plaintiffs, appellants, the sum of $2,918; and also from the provision requiring Taylor to pay costs, upon the ground that the evidence does not disclose any violation of duty on the part of defendant Taylor in failing to communicate to plaintiffs the facts regarding the proposed sale of the property; on the contrary, the proof is that he did inform them regarding the sale, and they had ample opportunity to purchase if they so desired. Notwithstanding the fact that Taylor gave them the information in respect to the purchase and sale mentioned, the proof shows that they declined to enter into the negotiation, and that they were financially unable to assume the obligations connected therewith.

Final and interlocutory judgments modified in accordance with opinion, and as modified affirmed, with costs to plaintiffs against defendant Taylor, and the seventh so-called conclusion of law reversed. Settle order before the presiding justice.